HARRY SCHEKTER, INC., Appellant, *v.* MAX BAER, Respondent.

First Department, January 30, 1942.

*Abraham J. Kheel,* for the appellant.

*Mordecai M. Richter* of counsel [*George J. Beldock,* attorney], for the respondent.

GLENNON, J.   Defendant purchased from plaintiff certain dressed white rabbit skins at a total invoice price of $1,427.52 on November 5, 1940.   The merchandise was delivered on the same day.   The transaction was on a C. O. D. basis.   However, the defendant failed to pay plaintiff's representative for the skins.   Subsequently, on November 8, 1940, the merchandise was replevied and the summons served on the defendant in the action which was commenced in the City Court of the City of New York, New York County.   Defendant on that day made an assignment for the benefit of creditors to one Albert B. Levinson.   In an affidavit executed by defendant shortly thereafter, he acknowledged plaintiff's title to the goods.

The summons in the action was served on defendant on November 8, 1940.   Later, on November fourteenth, a notice of appearance was served on plaintiff whereby the assignee attempted to appear in the action as a party defendant in addition to the defendant Baer.   This notice of appearance was rejected by plaintiff's attorney on November eighteenth in so far as it applied to the assignee.

Plaintiff served a verified complaint on November eighteenth on the attorney for the defendant. The assignee attempted without success by way of motion in the City Court to have himself substituted as a party defendant.

The defendant served an answer on December 13, 1940, which was rejected by plaintiff on the following grounds: (1) That the assignee was not a party defendant; (2) that a previous motion to interplead or substitute the assignee was denied; and (3) that in so far as the answer purported to be the answer of the defendant, it was a nullity because not verified by the said Baer.

The answer having been rejected, five days later the plaintiff entered judgment. A motion was then made in the City Court by the defendant to compel plaintiff to accept the answer and in addition thereto for an order vacating and setting aside the judgment. The justice presiding at Special Term of the court properly determined that the answer " must be interposed in the name of the defendant, not in the name of his assignee for the benefit of creditors." However, he granted leave to the defendant to serve a proper and duly verified answer within a period of six days from the publication of the order and directed that the judgment should stand as security until final disposition of the action. The Appellate Term of the Supreme Court affirmed with Mr. Justice McLAUGHLIN dissenting.

We quite agree with Mr. Justice McLAUGHLIN who, in his dissenting opinion, said in part: " I think this disposition constitutes error for several reasons. The relief sought by the motion was not for leave to serve an answer verified by the defendant, but to compel the plaintiff to take the defective answer of December thirteenth. While the court may have had the power to grant leave to serve a new answer under the prayer in the notice of motion for other and further relief, it was not proper in this case to do so. The answer sought to be forced upon plaintiff is plainly a sham answer upon its face. The opening statement therein reads: ' Defendant, by George J. Beldock, attorney for Albert B. Levinson, as assignee for the benefit of creditors of Max Baer, answers plaintiff's complaint herein as follows: ' It is to be noticed that the attorney does not state that he is the attorney for the defendant, as is the every-day practice."

The application was not to open defendant Baer's default. The probabilities are that the defendant Baer was not in a position to verify a proper affidavit and prepare a proper answer which, for good cause shown, might have entitled him to obtain the favor of the court. It is quite apparent that Baer has no defense to the action. Under the circumstances we agree with the dissenting

justice that the order entered in the City Court, in so far as it permitted defendant to serve an answer, must be reversed.

The determination of the Appellate Term and the order of the City Court should be modified accordingly, and as so modified affirmed, with twenty dollars costs and disbursements in this court and ten dollars costs and disbursements in the Appellate Term to the appellant.

MARTIN, P. J., O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Determination of the Appellate Term and order of the City Court unanimously modified in accordance with opinion, and as so modified affirmed, with twenty dollars costs and disbursements in this court and ten dollars costs and disbursements in the Appellate Term to the appellant. Settle order on notice.